```
             UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF TENNESSEE
                  NASHVILLE DIVISION
```

WILLIAM DAVIDSON HAMBY, JR.,   )
                               )
          Plaintiff,           )  Case No. 3:12-0056
                               )  Judge Trauger/Bryant
     v.                        )
                               )
DR. NONA SETLER-LOGAN, et al., )
                               )
          Defendants.          )

TO: The Honorable Aleta A. Trauger

## SUPPLEMENT TO REPORT AND RECOMMENDATION

The undersigned Magistrate Judge previously issued a report and recommendation (Docket Entry No. 167) to which the plaintiff has filed objections (Docket Entry No. 171). The District Judge has returned the case to the undersigned for further consideration of plaintiff's response document, with attachments (Docket Entry No. 78), and any other documentation filed by plaintiff that is properly in the record and appropriate evidence to be considered in a ruling on the pending motion for summary judgment.

For the reasons stated below, the undersigned, after review of the entire record in this case, recommends that defendants' motion for summary judgment be granted and the complaint dismissed with prejudice.

## Analysis

As summarized in the earlier report and recommendation (Docket Entry No. 167), plaintiff Hamby has filed this action

pursuant to 42 U.S.C. § 1983 alleging that defendants have been deliberately indifferent to his serious medical needs while he was confined as a prisoner at the Davidson County Criminal Justice Center in Nashville. Specifically, plaintiff asserts that defendants have failed and refused to render appropriate treatment for plaintiff's numerous medical conditions.

The Supreme Court has held that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish a cognizable claim of deliberate indifference in violation of the Eighth Amendment, a plaintiff must first establish that his medical needs were "sufficiently serious." A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Harrison v. Ash, 539 F.3d 510, 518 (6th Cir. 2008) (quoting Blackmore v. Kalamazoo County, 390 F.3d 890, 897 (6th Cir. 2004).

Following a period for discovery, defendants have filed their motion for summary judgment (Docket Entry No. 70). This motion is supported by an authenticated copy of 32 pages of medical records suggesting that plaintiff has been seen, evaluated, and treated by medical personnel on numerous occasions since he has been confined at the Davidson County Criminal Justice Center,

including treatments and observations in direct response to plaintiff's multiple medical complaints. Despite the interventions evidenced by these records, plaintiff argues that defendants have failed to render other additional treatments that plaintiff insists are required.

Plaintiff has filed his response (Docket Entry No. 78) to defendants' statement of undisputed material facts. Although plaintiff purports to dispute a number of these statements of fact, his responses wholly fail to comply with Local Rule 56.01, which requires that each of his disputed facts "must be supported by specific citation to the record." Local Rule 56.01(c). Plaintiff fails to cite to any evidence in the record in support of any of his responses.

Similarly, plaintiff in his objection to the undersigned's report and recommendation (Docket Entry No. 171-1) has filed 133 pages of unsworn, unauthenticated documents. These documents include at least some, if not all, of the medical records filed by defendants in support of their motion for summary judgment. Rule 56(c)(4) provides that an affidavit or declaration used to support or oppose a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Thus, in order to demonstrate the existence of a genuine issue of a material fact for trial, a

3

plaintiff must establish facts that would be admissible in evidence. Unsworn or unauthenticated documents are inadmissible hearsay, and may not be considered by the Court in ruling on a motion for summary judgment.

Although not admissible in evidence for the reason just stated, it appears that plaintiff's filings include copies of medical records, correspondence and other papers, some several years old, suggesting that in the past plaintiff has been diagnosed with, and received certain treatment for, various medical conditions. Nevertheless, the undersigned finds that these papers, even if admissible in evidence, fail to establish that plaintiff at this time suffers from a medical condition "that has been diagnosed by a physician as mandating treatment." Harrison, 539 F.3d at 518. Similarly, the various medical conditions of which plaintiff complains are not "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. It is undisputed from this record that plaintiff has received some medical attention while confined, but plaintiff, who is not a physician himself, believes that additional and different medical treatment should be rendered. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state

4

tort law." Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

For the reasons stated above, the undersigned finds that the admissible evidence in this record fails to demonstrate the existence of a genuine dispute as to any material fact, and, therefore, that defendants are entitled to judgment as a matter of law.

### **RECOMMENDATION**

For the foregoing reasons, the undersigned RECOMMENDS that defendants' motion for summary judgment be GRANTED and the complaint DISMISSED with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 12th day of March 2013.

s/ John S. Bryant  
JOHN S. BRYANT  
United States Magistrate Judge